# UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

Dwayne T. Croom
*Plaintiff(s)*

v.

Dee Dee Brookhart, et al.;
All "Parties" sued in their Individual and Official Capacity.
*Defendant(s)*

Case Number: 26-CV-1042-SMY
*(Clerk's Office will provide for new cases, if you are filing in an existing case, write your case number)*

☑ ORIGINAL COMPLAINT

☐ AMENDED COMPLAINT

**You are responsible for protecting sensitive information per Federal Rule of Civil Procedure 5.2. This means you should not file things like social security numbers, the year of a person's birth, or financial account information.**

## I. JURISDICTION:

☑ I am suing for a violation of federal law under 28 U.S.C. § 1331:

- ☑ 42 U.S.C. § 1983 (state prisoners);
- ☐ *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (federal prisoners);
- ☐ 28 U.S.C. §§ 1346, 2671-2680 (Federal tort claims act).

☐ Other (provide an explanation):

## II. PARTIES:

**Plaintiff(s) (use extra pages if needed):**

Name: Dwayne Trevor Croom

Address: 10930 Lawrence Road, Sumner, IL. 62466

Inmate ID Number: R 56669

Rev. 04/16/2025

**Defendants (use extra pages if needed):**

If you do not know the name of a defendant, assign them a generic name (John Doe 1, John Doe 2, Jane Doe 1). Give any information you have about them here. If you cannot provide identifying information, the Court will not be able to give you steps to try to identify the unknown person, and this party may be dismissed.

For example: Jane Doe 1, the nurse who passes out night-time medication. She is short and has red hair. I saw her at my cell on January 1, 2001.

**Defendant # 1:**

Name: Dee Dee Brookhart

Job: Warden (All times Relevant to this action)

Address: 1301 Concordia Court; Springfield, IL. 62794

Additional info: No Longer Employed At Lawrence CORR. CTR.

**Defendant #2:**

Name: Warden Jennings

Job: Assistant Warden of Operations

Address: 1301 Concordia Court; Springfield, IL. 62794

Additional info: No Longer Employed At Lawrence CORR. CTR.

**Defendant #3:**

Name: Jeremiah Brown

Job: Current Warden at Lawrence CORR CTR

Address: 10940 Lawrence Road; Sumner, IL. 62466

Additional info: Chief Administrative Officer

Defendants (use extra pages if needed):

If you do not know the name of a defendant, assign them a generic name (John Doe 1, John Doe 2, Jane Doe 1). Give any information you have about them here. If you cannot provide identifying information, the Court will not be able to give you steps to try to identify the unknown person, and this party may be dismissed

For example: Jane Doe 1, the nurse who passes out night-time medication. She is short and has red hair. I saw her at my cell on January 1, 2001.

Defendant #4:

Name: Kyle Henton

Job: Major At Lawrence Corr CTR

Address: 10940 Lawrence Road; Sumner, IL 62466

Additional info.

Defendant #5:

Name: Dr. Boose

Job: Former "Mental Health Authority"; At Lawrence Corr. CTR.

Address: 1301 Concordia Court; Springfield, IL 62794

Additional info:

Defendant #6:

Name: Dr. Cordova

Job: Current. "Mental Health Authority"; At Lawrence Corr. CTR.

Address: 10940 Lawrence Road; Sumner, IL. 62466

Additional info:

Rev. 04/16/2025

Defendant #7
Name: John Doe #1
Job: Deputy Director
Address: 1301 Concordia Court; Springfield, IL. 62794
Additional Info: Deputy Director All times Relevant to this action. (10/17/23)

Defendant #8
Name: John Doe #2
Job: Regional Multidisciplinary Committee (RMC)
Address: 1301 Concordia Court; Springfield, IL. 62794
Additional Info: A member of the RMC who reviewed the record of the hearing on 10/17/23.

Defendant #9
Name: John Doe #3
Job: Regional Multidisciplinary Committee (RMC)
Address: 1301 Concordia Court, Springfield, IL 62794
Additional Info: A member of the RMC who reviewed the record of the hearing on 10/17/23.

Defendant #10
Name: John Doe #4
Job: Regional Multidisciplinary Committee (RMC)
Address: 1301 Concordia Court; Springfield, IL. 62794
Additional Info: A member of the RMC who reviewed the record of the hearing on 10/17/23.

Defendant #11

Name: Thomas

Job: Nurse Practitoner

Address: 10940 Lawrence Road

Additional info:

## III. PREVIOUS LAWSUITS

A. Have you begun any other lawsuits in federal court while you were in prison or jail (during either your current or a previous time in prison or jail)?
☑Yes ☐No

B. Answer the following questions about ALL past federal lawsuits. **FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.** (Use extra pages if needed)

1. Case name, case number, and Court: Croom vs. Pfister, et al., case # 18-cv-02519, The Northern District of Illinois

2. What was it about:
Conditions of Confinement

3. What happened (was it dismissed, did it go to trial, was it settled):
Settled w/ General Release

4. Did you get a "strike" for this case? (You get a strike under 28 U.S.C. § 1915(g) if a case was dismissed for failure to state a claim, or as frivolous or malicious).

---

1.) Case Name, case Number, and court: Croom vs Kennedy, et al., case # 21-cv-01197-CSB, The Central District, Peoria Divison

2.) What was it about:
Conditions of Confinement

3.) What Happened:
Settled w/ General Release

---

1.) Case Name, Case Number, and Court: Croom vs Liles, et. al., case # 21-CV-1300, The Central District

2.) What was it about:
Excessive Force

3.) What Happened:
Case was Dismissed

4.) Did you get a "strike" for this case?
I did not receive a strike for this case.

III. Previous Lawsuits

1) Case Name, Case Number, and Court: Croom vs. Brookhart, et. al.,
Case # 25-88, Southern District of Illinois, East St. Louis Divison

2) What was it about:
Conditions of Confinement

3) What Happened:
Settled w/ General Release

1) Case Name, Case Number, and Court: Croom vs. Brown, et al.,
Case # 26-cv-897 DWD, Southern District of Illinois, East St. Louis Divison

2) What was it about:
Falsified Document, Abuse of Authority, Deliberate Indiffence, Due Process, and Systematic Deliberate Indifference

3) What Happened:
Case is Pending

1) Case Name, Case Number, and Court: Croom vs. Brown, et al.,
Case # 26-920-SPM, Southern District of Illinois, East St. Louis Divison

2) What was it about:
Deliberate Indifference, the 4th Amendment, the 8th Amendment, and the 14th Amendment.

3) What Happened:
Case is Pending

## IV. GRIEVANCE PROCEDURE[1]

A. Is there a prisoner grievance procedure in the institution? ☑ Yes ☐ No

B. Did you present the facts relating to your complaint in the prisoner grievance procedure? ☑ Yes ☐ No

C. Has the grievance been returned from the highest or last level of review? ☑ Yes ☐ No

D. If your answer is NO, explain why not. Did you do anything other than a grievance to alert prison authorities to the problem?

E. If you are a **federal inmate**, attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not:

---

[1] Individuals in custody must try to exhaust their claims in the grievance process before filing a federal lawsuit. If you do not complete the exhaustion process before you file this lawsuit, your case may later be dismissed. *See e.g.*, 42 U.S.C. § 1997e(a) (no action shall be brought until available administrative remedies are exhausted); 28 U.S.C. § 2675(a) (the administrative process must be fully exhausted before claims may be brought in federal court).

Rev. 04/16/2025

**V. STATEMENT OF CLAIM:**

**Using the space below describe how your constitutional rights were violated (extra pages are *strongly* discouraged):**

DO: Write a **short** statement of what happened with neat handwriting. Explain **who** violated your rights, **what** each defendant personally did, **when** they did it, **where** they did it, and **why** they did it (if you know why).

DO NOT: Do not make legal arguments or give citations. Do not include evidence or exhibits. You will have a chance later in the case to give evidence and to make arguments. Do not combine multiple claims that are not related.[2]

On 6/25/2019, Dwayne Trevor Croom (Individual IN Custody) (IIC) was placed in Administative Detention. (A.D.) IIC was transferred to Lawrence CORR. CTR. March 2022. On 10/23/23, IIC filed a grievance his placement in A.D. naming Deputy Director and Regional Multidisciplinary Committee (GRV#11-23-014) On 6/2/23, IIC filed a grievance on Lawrence CORR. CTR. not providing programming such as Educational. On 6/2/23, IIC filed a grievance naming Major Henton, Assistant Warden of Operations Jennings, Assistant Warden of Programs Brown, and Chief Administrative Officer Brookhart for violating Administrative Directive 05.12.101 which state IIC shall receive 10 hours structured out-of-cell time for programs such as 1.) Cognitive Behavioral Interventions - Thinking for a Change, StartNow, Building Change, CBT Skills 2.) Education -

[2] The Court is not required to allow you to join multiple claims in a single case. The Federal Rules of Civil Procedure 18-21 control joinder of claims and parties. It is possible if you present many claims or claims that are not related, that the Court will ask you for an amended complaint or it will divide your claims into separate cases.

Rev. 04/16/2025

ABE, AABE, and G.E.D./HSE. 3.) Anger Management 4.) Social Skills-Trainning Communication Conflict Resolution, Problem Solving, Emotional Regulation 5.) Mindfullness Activities, DBT Mindfullness, Art Therapy, Meditation 6.) Religious Services. And 10 hours Unstructured out-of-cell time which shall consist of yard, barber shop and shower, and lack of Staff. (GRV#06-23-039)
On 5/27/24, IIC filed a grievance naming NP Thomas, Dr. Boose, for holding lenghty delay in transferring IIC with mental illness to a mental hospital and under staffing. (GRV#K7S-0624-1025)
On 3/20/25, IIC filed a grievance naming Warden Brown and Dr. Cordova for violating IIC right to adequate and qualified Staff to provide prescribed or Satisfactory Mental Health care services to IIC's in A.D. and housing IIC under Conditions of extreme isolation which [illegible] Mental illnesses can only be exacerbated by the depravity of their confinement. (GRV#K7S-0325-1059).

The defendants Deputy Director, John Doe #1, the RMC John Doe #2, John Doe #3, John Doe #4, Warden Brookhart, AWO Jennings, AWP Brown, and Major Henton are in violation of IIC Eighth Amendment. Defendants have denied IIC minimal Civilized Measures of Life Necessities" such that the IIC have been incarcerated in Conditions Posing a Serious Risk of Harm. Defendants are incarcerating the IIC for substantial durations in A.D. cells that are deplorable. A.D. in Lawrence CORR. CTR. is punitive, not rehabilitative and

fall below Constitutional minimums. IIC allege conditions consist of "Chronic understaffing, denial of exercise and inadequate Mental health treatment" Standing alone or in Combination "Were" sufficiently Serious to Support an Eighth Amendment Claim. Due to "the unnecessary and Wanton infliction of pain" from the prolonged idleness and deprivation of human needs for companionship and meaningful activity which has caused physical harm, or the risk of it. IIC mental health treatments is minimal to nonexistent and offered inconsistently when provided the physical Space does not allow for meaningful social interaction and is not in a confidential setting. The mental health care system lacks adequate and qualified staff to provide prescribed or Satisfactory mental health care services do the IIC housed in A.D. Which is Unconstitutional. Housing the IIC whom is Serious mentally ill under conditions of extreme isolation is unconstitutional, and the failure to separate serious mentally ill IIC's from the mentally healthy violates the rights of both groups. IIC in A.D. Spents 22 to 24 hrs. a day in ~~[illegible]~~ his cell for extended periods, including months with little to no yard access and only sporadic shower days. Which Violates Lawrence CORR CTR policies and procedures but Illinois Statutory Law 730 ILCS 5/3-7-2(c). Exercise is one of the basic human needs that defendants must provide for under the Eighth Amendment. It is a necessary requirement for physical

Rev. 04/16/2025

and mental well-being. Defendants Major Henton, Warden Brookhart, AWO Jennings, and AWP Brown are deliberate indifferent because they knew of these Constitutional violates and disregarded an excessive risk to the IIC health and safety. Lack of staffing or limited yard space do not provide penological justification for lack of exercise.

Defendants Deputy Director John Doe #1, RME John Doe #2, John Doe #3, John Doe #4, Warden Brookhart, and current warden Brown systematically places IIC in A.D. for a long and indefinite period of time based on his alleged status instead of conduct that poses a threat to the safety and security of the institution. Lawrence CORE. CTR. provides indequate review procedures to limit the duration of A.D.. A.D. placement lack fundamental due process procedures. Illinois Dept. of Corrections uses A.D. to punish gang status across state facilities without no written charge. Defendants systematically detains IIC in A.D. in deplorable conditions for indeterminate periods of time and without NO fixed release date. This practice falls below constitutional minimal standards. IIC may not be deprived of life, liberty, or property without due process of law. IIC is deprived of a protected liberty interest and (2) the procedures afforded are constitutionally deficient. The restrictive conditions in A.D.

imposes "an atypical and significant hardship on the IIC in relation to the ordinary incidents of prison life" The combined import of the duration of the segregative confinement and the conditions endured. IIC has been housed in A.D. for 8 yrs. the length of segregated confinement is substantial and the record reveals that the conditions are unusually harsh.

Defendants Warden Brown, Dr. Cordova, and NP Thomas use of Administrative Detention in Illinois prisons violates the Eighth Amendment. IIC must still satisfy the four traditional criterias required to merit injunctive relief. (1) success on the merits (2) Irreparable Injury; (3) The balance of hardship between the Plaintiff and the defendant; and (4) the public interest. Lawrence CORR. CTR function is to provide

rehabilitative activity for the IIC Defendants failure to act to provide adequate and qualified staff to provide prescribed or satisfactory Mental Health Care Services to IIC housed in A.D is unconstitutional. Housing IIC whom is seriously mentally ill under conditions of extreme isolation is unconstitutional. A.D is being utilized unconstitutionally to house IIC whom is mentally ill - IIC whose illness can only be exacerated by the depravity of his confinement. Holding lenghty delay in transferring IIC with serious mental illnesses to mental hospital are unconstitutional.

Violations of the Constitution always constitute irreparable injury. The existence of a continuing constitutional violation constitutes proof of an irreparable harm, and it's remedy certainly would serve the public interest. When a deprivation of a constitutional right is involved, courts hold that no futher showing of irreparable injury is necessary". Mental anguish is a prime example of the injury which the courts routinely consider as not capable of being fully remedied by monetary awards.

Injunction relief is available for an ongoing or a threatened violation of federal law, on the grounds that there is a contemporary violation of a nature likely to continue, as well as to prevent a substantial risk of serious injury from ripening into actual harm. Injunctive Relief is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the

federal rights.

In sum, IIC have established that, absent an injunction, they will continue to be subjected to the harms caused by A.D. and my constitutional rights will continue to be violated.

In this case, the 3rd and 4th requirements merge as the Illinois Dept. of Corrections/Lawrence Corr. Ctr. is a public agency. It is well established that it is always in the public interest for governmental entities to be operated in compliance with the constitution. The Constitution is the ultimate expression of the public interest.

Under these circumstances, IIC have demonstrated entitlement to injunctive relief under Rule 65, Federal Rules of Civil Procedure.

## VI. REQUEST FOR RELIEF

State exactly what you want this court to do for you.

See Attached Request For Relief.

## VII. JURY DEMAND (*check one box below*)

The plaintiff ☑ does ☐ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions. Additionally, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Signed on: ____________________ (date)

Dwayne Croom
Signature of Plaintiff

10930 Lawrence Road
Street Address

Dwayne T. Croom
Printed Name

Sumner, IL. 62466
City, State, Zip

R-56669
Prisoner Register Number

Rev. 04/16/2025

VI. Request For Relief:

Where Fore Mr. Croom Respectfully Request the following Relief.

1.) Trial By Jury.

2.) Award Compensatory damages both Jointly and Severally against Brookhart, Jennings, Thomas, Brown, Henton, Boose, Cordova, John Doe, #1, John Doe #2, John Doe #3, and John Doe #4. for violating Mr. Croom Constitutional Rights under the U.S. Constitution; as well as the Illinois Constitution, and State Law causing pain and unnecessary suffering in the amount of $10,000.00 from each defendant Jointly.

3.) Award puintive damages of $5,000.00 individually against each defendant.

4.) Entitlement to Injunctive Relief under Rule 65, Federal Rules of civil Procedure.

5.) Allow Amendment to this Complaint to Allow John Doe #1, (Deputy Director identified and named) and John Doe #2, John Doe #3, and John Doe #4. (RMC identified and named).

6.) Appointment of Counsel.

7.) Allow any and all other Amendments.

8.) Grant any other Relief or Damages this Court deem Just.

9.) Declare that Mr. Croom has exhausted his Remedies under penalty of perjury.

Dwayne Croom

Date: